<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1500**

———————

ROBIN GOMES; CECILIA GOMES; Y.G.,

Petitioners,

versus

ALBERTO R. GONZALES,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A70-529-717)

———————

Submitted:  November 17, 2006        Decided:  December 19, 2006

———————

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Parker Waggaman, GELL & GELL, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Tracy Greer, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Gomes, a native and citizen of Bangladesh,[*] petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

To obtain reversal of a determination denying eligibility for asylum , an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Gomes fails to show that the evidence compels a contrary result. The standard for withholding of removal is more stringent than that for asylum eligibility; having failed to qualify for asylum, Gomes also cannot meet the higher standard for withholding of removal. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987); Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999).

Gomes also asserts on appeal that public policy, as reflected in the International Religious Freedom Act, contravenes return of a Christian to a non-Christian country. Our review discloses that this claim was not raised before the Board and was therefore not properly exhausted. See 8 U.S.C. § 1252(d) (2000).

---

[*]Gomes's wife, Cecilia, and child are derivative petitioners. Both are natives and citizens of India.

As a result, we lack jurisdiction to review it. <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004), <u>cert. denied</u>, 543 U.S. 1049 (2005). Likewise, Gomes failed to raise a CAT claim before the Board. And given that Gomes failed to set forth any argument in his brief before this court with regard to the denial of CAT relief, we find that he has abandoned that claim on appeal. <u>See Yousefi v. INS</u>, 260 F.3d 318, 326 (4th Cir. 2001); <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>